UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHODAX LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>BLACKBERRY CORPORATION,<br><br>   Defendant. | No. 1:17-cv-1014-LPS-CJB |
| DESHODAX LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS USA, INC.,<br><br>   Defendant. | No. 1:17-cv-1015-LPS-CJB |
| DESHODAX LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>SONY MOBILE COMMUNICATIONS<br>(USA), INC.,<br><br>   Defendant. | No. 1:17-cv-1016-LPS-CJB |

**PROCEDURES ORDER**

   IT IS HEREBY ORDERED that, subject to any subsequent order of the Court, the following procedures shall govern proceedings in this matter:

1.  **"Discovery Matters" Procedures**.

  a. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

  b. Should counsel find, after good faith efforts including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute - that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a

joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above- referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____

Delaware Counsel: _____
Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

c.  On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

d.  Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

e.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

2.    **Motions to Amend**.

a.  Any motion to amend (including a motion for leave to amend) a pleading shall **NOT** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages describing the basis for the requested relief, and shall attach the proposed amended pleading as well as  a "blackline" comparison to  the prior pleading.

b.  Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five pages.

c.  Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

3.   **Motions to Strike.**

   a. Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

     (5) Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five pages.

   b. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

4.   **Scheduling Order**.  The foregoing procedures shall be repeated in the scheduling order to be entered in this case.

## Scheduling & and Case Management

As noted in the Referral Order, scheduling will be managed by Judge Burke, who will have full authority to work with the parties to craft a schedule appropriate to the particular circumstances of each patent case. Judge Burke's decisions with respect to scheduling are subject to reversal only for abuse of discretion.

Within ten (10) days after any defendant has filed a responsive pleading (e.g., answer, counterclaim, cross-claim) or a motion in lieu of (or in addition to) a responsive pleading, my staff or Judge Burke's staff will docket the following Case Management Order:

       At least one defendant in this matter having filed a responsive pleading or a motion in lieu of (or in addition to) a responsive pleading,

       IT IS HEREBY ORDERED that:

       The parties shall meet and confer and discuss, in person and/or by telephone, each of the matters listed on the Court's Case Management Checklist ("Checklist").  Within thirty (30) days of the date of this Order, the parties shall jointly file the Checklist and their proposed scheduling order (consistent with the Court's Revised Patent Form Scheduling Order). Thereafter, the Court will schedule an in-person Case Management Conference/Rule 16 Scheduling Conference ("CMC") to be held with Judge Stark and/or Judge Burke.  The Checklist and Revised Patent Form Scheduling Order can be found on the Court's website (www.ded.uscourts.gov).

A copy of the Checklist is available on the Court's website (www.ded.uscourts.gov). I recognize that some of the questions on the Checklist may relate to case strategy. Nonetheless, I expect counsel to make good faith efforts to discuss, in person and/or by telephone, each of the topics listed.

A copy of the Revised Patent Form Scheduling Order is available on the Court's website (www.ded.uscourts.gov).

The Case Management Conference ("CMC"), which also serves as the scheduling conference pursuant to Federal Rule of Civil Procedure 16, will be held in chambers or in the courtroom, on the record, with Judge Stark and/or Judge Burke.  A court reporter will be present.   At the CMC, each party must be represented by Lead Counsel and Delaware Counsel and be prepared to discuss each matter on the Checklist as well as any other matter that will be helpful  or  necessary to determining the most appropriate manner  of managing the case.  If there is a topic which a party thinks is inappropriate or premature to discuss, that party will have to explain  its reasons for that view.

After the CMC, the Court may order the submission of a revised proposed scheduling Order.

Where there are multiple related cases involving unrelated defendants, any party may request that the Court defer scheduling the CMC until a later date. Any party requesting such a deferral must accompany the request with a proposed order that, if entered, will require the parties to provide regular status reports advising the Court as to when they believe the case will  be ready for a CMC and scheduling order. The greater the agreement among the parties to the related cases that deferral is appropriate, the more likely it is that deferral    will be granted.

With rare exceptions, we will schedule trial upon entry of the scheduling order, setting a maximum number of trial days, double- and triple-tracking trials on my calendar as necessary.

If an early trial date is desired, the parties are reminded that if they unanimously consent to the jurisdiction of a Magistrate Judge, Judge Burke will almost always be able to proceed to trial more quickly than Judge Stark.

Where there are multiple related cases involving unrelated defendants, the Court will determine at some point (possibly as late as the pretrial conference) which defendant(s) will be tried first.

## **Motions to Dismiss, Transfer, or Stay**

As noted in the Referral Order, any and all motions to dismiss, transfer, and/or stay will be referred to Judge Burke. Parties are reminded that they may consent to the jurisdiction of a Magistrate Judge for the limited purpose of final resolution of any motion, which has the effect of eliminating the right to file objections in the District Court, essentially giving the Magistrate Judge the same authority a District  Judge would have with respect  to that motion.

Generally, we will not defer the CMC and scheduling process solely due to the

pendency of any of these motions.

## **Motions to Amend or Strike**

As noted in the Procedures Order, any and all motions to amend (or motions for leave to amend) and/or strike will not be accompanied by full briefing but will, instead, be channeled into the "discovery matters" procedures.

## **Narrowing the Case**

In order to manage my docket, and to ensure that litigation proceeds efficiently, I will be highly receptive to reasonable proposals to reduce, at an appropriate stage or stages of a case, the number of: patents-in-suit, asserted claims, accused products, invalidating references, combinations of invalidating references, invalidity defenses, and claim construction disputes.

## **Discovery**

I have modified my discovery matters procedures in several ways, most notably as follows:

- there is no longer a requirement that counsel call chambers to request a discovery teleconference. Instead, counsel are required to submit a joint, non-argumentative letter, representing that Delaware Counsel and Lead Counsel have *spoken* about the issues in dispute, listing the issues on which counsel believe judicial intervention is required, and requesting the scheduling of a discovery dispute teleconference (a form for the letter is included with the Procedures Order)

- there is no longer a requirement that the parties submit copies of sealed documents within an hour after filing their letters

- parties are required to submit two (2) courtesy copies of their discovery letters and attachments.

Discovery teleconferences will continue to be limited to approximately 30-45 minutes each.

## **Default Standards/Exchange of Contentions**

Absent agreement among the parties or an order of the Court, the scheduling order will include dates for the exchange, in steps, of the following:

Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

- Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

- Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

- Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

- Plaintiff shall provide final infringement contentions.

- Defendant shall provide final invalidity contentions.

Also absent agreement among the parties or an order of the Court, the scheduling order will include a date by which all parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

The foregoing are the same procedures contained in Judge Robinson's recently issued "Patent Case Scheduling Order" ("SLR Order") (see ¶ 1.c, 1.f, 1.g).

## Markman

I have set an aspirational goal of issuing all Markman rulings within 60 days after a Markman hearing. If I determine (due to, for example, an outsized number of claim disputes, deficiencies with the briefing, or scheduling congestion) that I will be unable to meet my goal, I will advise counsel of this fact.

Although I will continue to prefer having only a single Markman hearing in each case, and even just a single Markman hearing across all of any number of related cases, I do not plan to adhere rigidly to this preference. The parties should be prepared to discuss at the CMC whether a case or cases would be more efficiently handled by construing certain terms at an earlier point than other terms.

While I am not adopting Judge Robinson's requirement that "[f]or any contested claim limitation, each party must submit a proposed construction; i.e., 'plain and ordinary' meaning generally is not helpful to either the court or a jury" (SLR Order 5.b), I agree with her reasoning and am usually not persuaded that "plain and ordinary meaning" is an appropriate resolution of a material dispute over the scope of a claim term.

## Summary Judgment/Daubert (Motions to Preclude/Exclude)

I will continue to permit parties to file as many summary judgment and Daubert (i.e., motions to exclude or preclude anticipated expert testimony, in whole or in part) motions as

they wish, subject to the restriction that each side is limited to no more than a total of fifty (50) pages of combined opening briefs in support of any and all such motions, no more than fifty (50) pages of combined answering briefs in opposition to the motions, and no more than twenty (20) pages of combined reply briefs in support of their motions.

The parties must work together to ensure that the Court receives no more than a ***total*** of *250 pages* (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

I will generally include in the scheduling order a date for argument on any motions for summary judgment and Daubert motions. Such a hearing will typically be held approximately two months prior to the pretrial conference. Generally, counsel should expect they will be given a total of no more than forty-five (45) minutes per side to present their arguments on all pending motions.

## Pretrial Order

I have revised my form pretrial order. (See "Proposed Final Pretrial Order-Patent" at www.ded.uscourts.gov.) I note some of the more important changes below.

I have clarified that when parties estimate the anticipated length of trial, they must do so not only in terms of trial days but also in terms of a specific request for a number of hours they need for their trial presentations. In formulating such a request, counsel should assume that they will be charged time for: opening statements, examination of witnesses (including by playing or reading deposition testimony), closing arguments, arguing objections (including in the mornings before trial begins), and arguing motions (including for judgment as a matter of law). I usually do not charge time for jury selection, opening and final jury instructions, and arguments regarding jury instructions. Counsel should also assume that in a typical trial day we can usually get in 5 ½ to 6 ½ hours in a jury trial and 6 - 7 hours in a bench trial.

Counsel need to indicate whether, in connection with efforts to impeach a witness with prior testimony, they wish to permit objections for incompleteness and/or lack of inconsistency.

Counsel need to indicate whether, in connection with objections to expert testimony as being beyond the scope of previous expert disclosures, they request that the Court rule on such objections at trial or defer ruling unless and until the objections are renewed in connection with post-trial motions (with costs of the new trial to be charged entirely to the party whose trial conduct necessitates a new trial).

With respect to motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50, counsel need to indicate whether they request such motions: (i) be made at sidebar while the jury remains in the courtroom, (ii) be made immediately at the appropriate point during trial, and (iii) be supplemented in writing (and, if so, when).

## Pretrial Conference

I expect to continue to conduct pretrial conferences largely as I have done to this point, although I will generally limit them to two (2) hours or less.

**Jury Instructions, Voir Dire, Verdict Sheet**

Where a case is to be tried to a jury, the parties must provide the Court with courtesy copies of the required documents -proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms-as computer files. These courtesy copies may be sent by e-mail to my staff. The files may be in either WordPerfect or Microsoft Word format.

I expect to continue to conduct trials largely as I have done to this point.

After the jury returns a verdict, I will generally order the preparation of a joint status report, in which the parties should indicate, after meeting and conferring, how they believe the case should proceed, including whether (and when) additional briefing and/or in-court proceedings  will be required.

The joint status report should identify the post-trial motions and issues on which any party intends to seek  relief.

The joint status report should be accompanied by a proposed order to enter judgment on the verdict.

**Post-Trial Motions**

Unless otherwise ordered, briefing is according to Local Rules, no matter how many motions are filed by a party. That is, each side may file a maximum total of twenty (20) pages of opening briefing, twenty (20) pages of answering briefing, and ten (10) pages of reply briefing**, *regardless of how many motions are filed*.**

Where possible, I will try to advise the parties as to my inclinations with respect to the issues that they plan to raise in their post-trial motions, so the parties may better assess whether I am likely to disturb the verdict of the jury.